IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH McGHEE,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM KUSHNER, III, et al.,<br><br>    Defendants. | No. 2:17-CV-2059-JAM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (ECF No. 11).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

As with the original complaint, plaintiff's first amended complaint names the following as defendants: (1) William Kushner, III, DDS; and (2) Vincent Hu, DDS. Both are alleged to be prison dentists. See ECF No. 11, pg. 2. Plaintiff's allegations against both defendants are substantially the same as those set forth in the original complaint. See id. generally. Plaintiff claims defendants' conduct violated his right under the Fourteenth Amendment to equal protection. See id. at pgs. 7-8. Specifically, plaintiff alleges defendants treated him differently than similarly situated inmates in that they required him to sign a refusal form when he could not attend a dental appointment due to illness. See id. at pgs. 3-5, 7-8. According to plaintiff, other inmates who could not attend dental appointments were not required to sign a form saying they refused their appointment. See id. By separate order, the court concludes this claim is appropriate for service.

Plaintiff also claims defendants violated his right under the Eighth Amendment to be free from harassment. The court previously found this claim deficient and provided plaintiff an opportunity to amend. See ECF No. 9 (November 21, 2018, screening order). The court stated:

> In this case, plaintiff simply has not alleged facts which would sustain a harassment claim. Specifically, plaintiff does not allege whether defendant forced him to sign the refusal form in order to cause plaintiff psychological damage. Further, plaintiff does not allege either defendants' conduct was unusually gross. Finally, there are no allegations to indicate defendants' conduct was, objectively, so serious as to result in the denial of the minimal civilized measure of life's necessities. Plaintiff will be provided an opportunity to amend the complaint.
> Id. at 3.

///

2

In the first amended complaint, plaintiff now adds to this claim:

> . . .Plaintiff is informed and believed as though because of his incarceration staff took unlawful advantage of him and forced him to sign a refusal [sic] form for a dental procedure appointment in order to cause Plaintiff psychological damage and the conduct was unusually gross because Plaintiff was in poor health and in no way could he make his appointment because of his illness. . . .

ECF No. 11, pg. 3.

> Defendants Kushner and Hu was [sic] adamant about making Plaintiff sign a refusal slip, and such forcing Plaintiff to sign the refusal form was done in order to cause Plaintiff psychological damage and such conduct was unusually gross because Defendants continually threatened disciplinary action if Plaintiff refused to comply with the signing of a refusal form, which actions constitute a "culpable mind" in that the harassment was calculated to cause the Plaintiff psychological damage.

Id. at 4.

## II. DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id. Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was

"calculated to . . . cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). In addition, the prisoner must show that the verbal comments were unusually gross, even for a prison setting, and that he was in fact psychologically damaged as a result of the comments. See Keenan, 83 F.3d at 1092.

While plaintiff has now alleged defendants' conduct was unusually gross and calculated to cause psychological harm, these assertions are insufficient because they are no more than conclusory and formulaic recitations of the applicable law. See Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007). Notably, plaintiff has not alleged facts to indicate how being required to sign a refusal form would tend to result in psychological harm. While defendants' conduct may have resulted in delay in treating plaintiff's dental problem, plaintiff does not allege any facts suggesting a basis for psychological damage, nor does plaintiff allege that he was in fact psychologically damaged and how that damage relates to the requirement to sign a refusal form. See Keenan, 83 F.3d at 1092. Despite being advised of the applicable legal standards and provided an opportunity to amend his harassment claim, the first amended complaint continues to be deficient.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured, plaintiff is not entitled to leave to further amend prior to dismissal of the deficient claim. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's Eighth Amendment harassment claim be dismissed and that this action proceed on plaintiff's Fourteenth Amendment equal protection claim only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of

objections. Failure to file objections within the specified time may waive the right to appeal. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 20, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE